UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RAYMOND CHESTNUT,           )
                            )
        Petitioner,         )
                            )
        v.                  )   No. 2:16-cv-00466-JMS-MJD
                            )
S. JULIAN USP-TERRE HAUTE,  )
                            )
        Respondent.         )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Raymond Chestnut seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). For the reasons discussed in this Entry, his petition for writ of habeas corpus is **denied.**

### I.  Background

Petitioner Chestnut is an inmate currently housed at the Petersburg Federal Correctional Institution in Petersburg, Virginia. At the time he filed the instant petition, he was confined at the United States Penitentiary in Terre Haute, Indiana.

Chestnut was convicted of conspiracy to distribute fifty grams or more of crack cocaine and the possession, use, and carrying of a firearm during a drug trafficking crime in the District of South Carolina in 2007 pursuant to a Rule 11(c)(1)(C) plea agreement.  He was sentenced to the statutory mandatory minimums of 20 years under 21 U.S.C. § 841(b)(1)(a) and 5 years consecutive under 18 U.S.C. § 924(c).

Chestnut filed six § 2255 motions to vacate in the trial court in which he argued that he was improperly classified as a career offender. The Fourth Circuit Court of Appeals authorized the successive motions on June 17, 2016. After the Supreme Court decided *Beckles v. United States,*

137 S.Ct. 886 (2017), the trial court denied the § 2255 motions on April 14, 2017. *Chestnut v. United States,* 4:05-cr-01044-RBH, 4:16-cv-02013-RBY, 2017 WL 2198888 (D. S.C. April 14, 2017). The trial court held that Chestnut's "career offender designation had no impact on his sentence because he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement that was based on statutory mandatory minimums rather than the Sentencing Guidelines." *Id.* at *3. "Further, any alleged error in Petitioner's career offender designation is not cognizable on collateral review. *Id.* More importantly though, in light of *Beckles*, it is clear that *Johnson* [*v. United States,* 135 S.Ct. 2551 (2015)] has no application to the Sentencing Guidelines residual clause found in the former U.S.S.G. § 4B1.2(a)(2)." *Id.*

In his present petition, filed on December 19, 2016, Chestnut argues that he is no longer a career offender under the Guidelines. This claim was disposed of by the trial court and is duplicative of his § 2255 motions.

## II. Standard under § 2241

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *Davis v. United States*, 417 U.S. 333, 343 (1974). A prisoner is generally limited to bringing only one motion under § 2255. *Id.* However, even if he has already pursued relief under § 2255, a prisoner may be able to challenge his federal conviction or sentence under 28 U.S.C. § 2241.

The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a § 2241 petition in limited circumstances, that is when § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *Poe v. LaRiva,* 834 F.3d 770, 772 (7th Cir. 2016) (quoting 28 U.S.C. § 2255(e)). "This generally requires a structural problem in § 2255 [that] forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Id.* (internal quotation

omitted). "'[W]hether section 2255 is inadequate or ineffective depends on whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Seventh Circuit has distilled this analysis into a three-part test:

> [A] petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion, (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, such as one resulting in a conviction for a crime of which he was innocent.

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (internal quotation omitted). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Webster*, 784 F.3d at 1141.

### III. Discussion

Chestnut argues that he is actually innocent of his career offender designation. As noted, this issue was considered and rejected by the trial court in its April 2017 denial of Chestnut's § 2255 motions.

Chestnut's habeas petition warrants no further discussion because he has not and cannot demonstrate that § 2255 is an inadequate or ineffective remedy. Chestnut has spattered district and appellate courts with duplicative § 2255 and § 2241 petitions seeking to invalidate his convictions and sentence. *See Chestnut v. Thomas*, 2014 WL 6886251 (M.D. Pa. Dec. 4, 2014) (denying § 2241 petition and listing the numerous § 2255 motions filed in the South Carolina trial court); *Chestnut v. Thomas,* 2013 WL 6199146 (M.D. Pa. Nov. 27, 2013) (denying § 2241 petition). The Fourth Circuit allowed Chestnut to bring successive § 2255 motions in the trial court. Chestnut has taken

every opportunity possible "to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Webster*, 784 F.3d at 1136 (internal quotation omitted). In fact, Chestnut filed his § 2241 in this Court while his § 2255 motions were still pending in the trial court. Expending any additional judicial resources on such challenges here is untenable.

### IV. Conclusion

For the reasons discussed above, Raymond Chestnut has not demonstrated his entitlement to relief under 28 U.S.C. § 2241.

Chestnut's motion to supplement his petition, filed on August 16, 2018, dkt. [112], is **denied** because having failed to show that his § 2255 remedy was inadequate or ineffective, his proposed supplement also fails.

Chestnut's motion to reconsider the Court's ruling on his motion to expedite judgment, dkt. [113], is **denied as moot.**

The petition for a writ of habeas corpus is therefore **denied** and this action is **dismissed for lack of jurisdiction**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
PETERSBURG - MEDIUM FCI
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov